UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JEFFREY L. BROWN**                                                                    **CIVIL ACTION**

**VERSUS**                                                                                       **NO: 14-0240**

**TRINITY CATERING**                                                               **SECTION: "J" (4)**

## REPORT AND RECOMMENDATION

This case was referred to the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(A)(B), Federal Rule of Civil Procedure ("Rule") 72(b)(1), and Local Rule 73.1, for the submission of the Proposed Findings and Recommendations.

On January 31, 2014, the Plaintiff, Jeffrey L. Brown ("Brown") filed an *ex parte* motion for leave to proceed in *forma pauperis*. On February 5, 2014, this Court granted Brown *in forma pauperis* status, and filed his complaint into the record. *See* R. Docs. 1 and 3.[1] The Clerk of Court also mailed notice of this Order to Brown at the address he provided for in his application:

> Jeffery L. Brown RE: CA: 14-240 "J"(4)
> 22 Central School Rd., Apt. 22 T
> Hattiesburg, MS  39401

On February 14, 2014, the notice of the granting of the Pauper Order was returned by the United States Postal Services marked "Return to Sender, No Such Number, Unable to Forward". *See* R. Doc. 5.  On February 18, 2014, the notice of the granting of the Pauper Order was again returned to the Court by the post office marked "NSA" (no such address). *See* R. Doc. 6.  The Court is unable to determine whether the Plaintiff is aware of his obligation to notify the Court of his current address and contact information.

Considering the circumstances of this case, the Court is recommending the administrative closure of this action due to the inability to locate the whereabouts of the Plaintiff.  Such administrative

---

[1] Brown's complaint alleged that he was discriminated against by the Defendant, Trinity Catering ("Trinity") based on his race and retaliation. *See* R. Doc. 3, p. 1. As such, the Clerk of this Court issued and mailed a summons as to Trinity on February 6, 2014, to the Plaintiff. *See* R. Doc. 4.

closures are within the discretion of this Court. *See e.g., Bansal v. Lamar Univ.*, No. 1:02-CV-710, 2003 WL 24046764 (E.D. Tex. June 12, 2003) *report and recommendation adopted*, No. 1:02-CV-710, 2003 WL 24046765 (E.D. Tex. July 22, 2003); *see also In re Heritage Sw. Med. Grp., P.A.*, 423 B.R. 809 (Bankr. N.D. Tex. 2010) *aff'd sub nom. Aetna Life Ins. Co. v. Kollmeyer*, 448 B.R. 749 (N.D. Tex. 2011) *aff'd sub nom. In re Heritage Sw. Med. Grp. PA*, 464 F. App'x 285 (5th Cir. 2012); *Kobleur v. Grp. Hospitalization & Med. Servs., Inc.*, 954 F.2d 705 (11th Cir. 1992); *Muhammad v. Warden, Baltimore City Jail*, 849 F.2d 107, 111 (4th Cir. 1988). Accordingly,

**IT IS RECOMMENDED** that Plaintiff, Jeffrey L. Brown's complaint be **ADMINISTRATIVELY CLOSED** for statistical purposes due to the Court's inability to locate Plaintiff.

**IT IS FURTHER RECOMMENDED** that the Court reserves the rights of the Plaintiff to reopen the matter upon the filing of a motion.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a Magistrate Judge's Report and Recommendation within **fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[2]

New Orleans, Louisiana, this 5th day of May 2014.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[2]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

2